UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11197-RWZ

ARMSTRONG PHARMACEUTICALS, INC.

v.

MICRON TECHNOLOGIES, INC.

ORDER

February 25, 2010

ZOBEL, D.J.

Plaintiff manufacturers pharmaceuticals, including a prescription asthma inhaler with the active ingredient albuterol.[1]  The inhaler uses micronized albuterol, which is albuterol with an average particle size of no more than 2.5 microns.  Defendant Micron accepted a purchase specification in 2001 to supply plaintiff with the micronized albuterol.  The specification required Micron to document the micronization with various tests and to provide plaintiff with a certificate of analysis ("CoA") affirming that the product was micronized.

In August 2007 plaintiff introduced a batch of albuterol into the manufacturing process.  The machinery clogged.  Production was ultimately suspended two days for cleaning and repair.

Plaintiff investigated the breakdown and discovered the albuterol was not

---

[1] The court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in plaintiff's favor.  Sutliffe v. Epping Sch. Dist., 584 F.3d 314, 325 (1st Cir. 2009).

micronized. Subsequent testing of other batches identified a second non-micronized batch. Both of the non-micronized batches were delivered with a corresponding CoA, signed by three employees, attesting to micronization and including test results.

Plaintiff now brings this six-count lawsuit against Micron for (I) breach of contract; (II) breach of the implied covenant of good faith and fair dealing; (III) deceit; (IV) negligent misrepresentation; (V) violation of Mass. Gen. Laws ch. 93A; and (VI) unjust enrichment. Defendant moves to dismiss counts III, V, and VI for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

**I.     Analysis**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). The facts must allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. Id. A simple recitation of elements, or statements of legal conclusion, will not suffice. Id.

**A.     Count III - Deceit**

A viable claim for deceit requires "a false representation of a material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff reasonably relied upon the representation as true and acted upon it to his damage." Russell v. Cooley Dickinson Hosp., 772 N.E.2d 1054, 1066 (Mass. 2002). To establish fraudulent intent "it is sufficient to show proof of a statement made, as of the party's own knowledge, which is false, provided the thing stated is not merely a

matter of opinion, estimate, or judgment, but is susceptible of actual knowledge."[2]  Id. The parties dispute whether plaintiff must expressly plead fraudulent intent because Supreme Judicial Court precedent does not include a fraudulent intent element but First Circuit cases do, see Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 231 (1st Cir. 2005), but the difference between knowing communication of false information with intent to induce reliance and fraudulent intent is largely, if not entirely, a matter of semantics.  See, e.g., Cumis Ins. Soc'y v. BJ's Wholesale Club, 918 N.E.2d 36, 47 (Mass. 2009) (holding "unlike fraud, negligent misrepresentation does not require an intent to deceive or actual knowledge that a statement is false") (emphasis added).  Finally, plaintiff must plead with particularity the circumstances constituting the deceit.  Fed. R. Civ. P. 9.

    The complaint alleges that defendant submitted two false CoAs, each signed by three Micron employees, which affirmatively stated that particular batches of albuterol were micronized.  A reasonable inference from the repeated submission of false documents signed by multiple employees is that the communication of the false information was knowing, rather than accidental. There is no dispute as to the materiality of the micronization and CoAs or that plaintiff alleges reliance and damages.  Plaintiff has, therefore, stated a claim for deceit.

---

[2]Contrary to plaintiff's statements in reply (Def. Reply 2, Docket # 16), Russell has been cited for this proposition at least seven times, and while the language in Russell is dicta, the Supreme Judicial Court has used near identical verbiage since 1888.  Chatham Funance Co. v. Moffatt, 18 N.E. 168, 169 (Mass. 1888).

Defendant argues that the alleged conduct was self-evidently accidental and lacking fraudulent intent because (1) a document attached to the motion to dismiss indicates one rogue employee was responsible for the failure to micronize and false statements; (2) Micron swiftly investigated plaintiff's allegations; and (3) common sense suggests that Micron would not knowingly make false statements.  These assertions may, after the parties engage in discovery, turn out to be true, but at this stage of the proceeding they are simply defendant's characterization of disputed facts and thus beyond the scope of a motion to dismiss.

### B.   Count V - Mass. Gen. Laws ch. 93A

Unfair and deceptive acts or practices in the conduct of trade are prohibited by Mass. Gen. Laws ch. 93A, § 2.  Both common law fraud and negligent misrepresentation may constitute a ch. 93A unfair or deceptive act.  McEvoy Travel Bureau v. Norton Co., 563 N.E.2d 188, 194-95 (Mass. 1990) (holding that a fraud judgment is sufficient to support 93A liability); Swanson v. Bankers Life Co., 450 N.E.2d 577, 580 (Mass 1983) (holding "recovery may be had for a deceptive act that is the result of a defendant's negligence").  Micron argues that this lawsuit is really about a breach of contract, but the complaint alleges a knowing deception which falls well within "the penumbra of some common-law . . . concept of unfairness." Commercial Union Ins. Co. v. Seven Provinces Ins. Co., 217 F.3d 33, 40 (1st Cir. 2000) (discussing standard for ch. 93A liability).

### C.   Count VI - Unjust Enrichment

4

The complaint includes claims for both breach of contract and the equitable remedy of unjust enrichment.  Plaintiff cannot, ultimately, recover on both claims; if a contract governs, the equitable remedy is not available.  <u>Boswell v. Zephyr Lines, Inc.</u>, 606 N.E.2d 1336, 1342 (Mass. 1993).  However, plaintiff is entitled to plead alternative remedies, Fed. R. Civ. P. 8(d), and it is premature to dismiss the equitable claim when Micron has yet to answer and the existence of a governing contract may be in dispute.

## II.  Conclusion

Defendant's motion to dismiss (Docket # 8) is DENIED as to Counts III and V, and DENIED without prejudice as to Count VI.

|  |  |
|---|---|
| February 25, 2010 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |